Banco Territorial y Agrícola de Puerto Rico, Plaintiff and Appellee, *v.* Enrique Vidal, Defendant and Appellant; Francisco López et al., Defendants.

No. 5225. Argued December 10, 1930.—Decided November 20, 1931.

*Ángel A. Vázquez* for appellant. *J. de Guzmán Benítez* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

The Banco Territorial y Agrícola brought suit on a promissory note against Enrique Vidal and others as joint debtors. Enrique Vidal was not served with the summons at the commencement of the action but the bank obtained a judgment against the other defendants. In a proceeding authorized by sections 307 *et seq.* of the Code of Civil Procedure, Enrique Vidal was then summoned to show cause why he should not be bound by the judgment. He demurred to the original complaint on the ground that it did not state sufficient facts to constitute a cause of action as to him, and the overruling of this demurrer is assigned as error.

The bank alleged that the defendants, Francisco López Capó, Adolfo López, and Enrique Vidal, the last named through his agent and attorney in fact, Teodoro Vidal, severally obtained a loan from the bank whereby they received $1,300 and executed in favor of the bank an obligation which was set forth verbatim in the complaint and which was signed as follows: "Francisco López Capó.—Adolfo López.—Enrique Vidal, per Teodoro Vidal."

The contention is that this does not amount to an averment that the agent and attorney in fact, Teodoro Vidal, was authorized to borrow money. The fact that he was so authorized, however, is a fair inference, not to say a necessary inference, from the averment that the principal, through his said agent and attorney in fact, negotiated the loan, received the money, and executed the note. Unless the alleged agent and attorney in fact was duly authorized, it could not be true

that the alleged principal, through the said agent and attorney in fact, did any of these things.

Another contention is that the court erred in weighing the evidence and that the same is insufficient to sustain the judgment. The argument is that under section 312 of the Code of Civil Procedure appellant was liable only for the amount remaining unsatisfied on the original judgment with interest thereon, and that there was no proof as to the amount of such unsatisfied remainder.

Sections 309 and 311 of the Code of Civil Procedure read as follows:

"Sec. 309.—The summons must be accompanied by an affidavit of the plaintiff, his agent, representative or attorney, that the judgment, or some part thereof, remains unsatisfied, and must specify the amount due thereon.

"Sec. 311.—If the defendant, in his answer, deny the judgment, or set up any defense which may have arisen subsequently, the summons with the affidavit annexed, and the answer, constitute the written allegations in the case; if he deny his liability on the obligation upon which the judgment was recovered, a copy of the original complaint and judgment, the summons with the affidavit annexed, and the answer, constitute such written allegations."

By the terms of section 312, "The issues formed may be tried as in other cases; . . ."

Section 132 provides that: "Every material allegation of the complaint, not controverted by the answer, must, for the purposes of the action, be taken as true; . . ."

In the instant case the summons was accompanied by the usual affidavit. Defendant admitted the genuineness of the signatures affixed to the note set forth in the complaint and denied in general terms the other averments. The answer does not mention either the judgment or the affidavit. By defendant's failure to deny plaintiff's sworn statement that the judgment had not been satisfied in whole or in part,· plaintiff was relieved from the necessity of proving that fact.

In view of the conclusion already reached as to the sufficiency of the complaint, the error, if any, committed by the district court in holding that the omission complained of had been supplied by the evidence was not reversible error.

Appellant's argument in support of the only remaining contention (that the district court erred in holding that possession of the note and the absence of any indorsements thereon as to partial payments were prima facie evidence of non-payment) does not demand serious consideration.

We need not determine nor discuss any question not specifically raised by any assignment of error nor squarely presented by the argument in either of the briefs.

The judgment appealed from will be affirmed.